UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

—————

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:06-cr-172 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| JUAN VALENTIN ALVARADO-XAR, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## REPORT AND RECOMMENDATION

Pursuant to W.D. MICH. L.CR.R. 11.1, I conducted a plea hearing in the captioned

case on September 21, 2006, after receiving the written consent of defendant and all counsel.  At the

hearing, defendant Juan Valentin Alvarado-Xar entered a plea of guilty to the Indictment, charging

defendant with being an alien who was previously removed after having been convicted for the

commission of a felony offense and was found in the United States without having obtained the

express prior consent of the Attorney General to return or to reapply for admission in violation of

Title 8, U.S.C., §§ 1326(a) and 1326(b)(1), in exchange for the undertakings made by the govern-

ment in the written plea agreement.  On the basis of the record made at the hearing, I find that

defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly

and with full understanding of each of the rights waived by defendant; that it is made voluntarily and

free from any force, threats, or promises, apart from the promises in the plea agreement; that the

defendant understands the nature of the charge and penalties provided by law; and that the plea has

a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to the Indictment be accepted,

that the court adjudicate defendant guilty, and that the written plea agreement be considered for

acceptance at the time of sentencing.  It is further recommended that defendant  remain detained

pending sentencing.  Acceptance of the plea, adjudication of guilt, acceptance of the plea agreement,

determination of defendant's status pending sentencing, and imposition of sentence are specifically

reserved for the district judge.

The Clerk is directed to procure a transcript of the plea hearing for review by the District

Judge.


Date: September 21, 2006                                    /s/ Timothy P. Greeley
                                                           TIMOTHY P. GREELEY
                                                           United States Magistrate Judge


### NOTICE TO PARTIES

You have the right to <u>de novo</u> review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. *See* W.D. MICH. L.CR.R. 11.1(d).  A failure to file timely objections may result in the waiver of any further right to seek appellate review of the plea-taking procedure. See *Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).